UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN CANNON,<br><br>   Plaintiff,<br><br>   v.<br><br>DAVEY DAVES, *et al.*,<br><br>   Defendants. | Case No. 1:18-cv-00666-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE PERMITTED TO PROCEED ON COGNIZABLE CLAIM AND THAT NON-COGNIZABLE CLAIMS BE DISMISSED WITH LEAVE TO AMEND<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>ECF No. 1 |

Plaintiff Kelvin Cannon is a state prisoner proceeding without counsel and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed May 16, 2018, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. The court finds that plaintiff has stated a retaliation claim against defendant Gallahger and conditions-of-confinement claims against defendants Kong, Gonzalves, Torres, Vang, Rocha, Perez, Curtis, Correctional Officer Gamboa, Flores, Brandon, Hernandez, Podsakoff, Wilson, Gallahger, and Shelby. The court will recommend that plaintiff's remaining claims be dismissed without prejudice and that he be granted leave to amend the complaint.

1

## I. SCREENING AND PLEADING REQUIREMENTS

A district court is required to screen a prisoner's complaint seeking relief against a governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

## II. COMPLAINT[1]

Plaintiff is currently incarcerated at Pelican Bay State Prison ("Pelican Bay") in Crescent City, California, though most of plaintiff's allegations concern events that occurred while he was incarcerated at California State Prison – Corcoran ("Corcoran") in Corcoran, California.

---

[1] The court draws the facts in this section from plaintiff's verified complaint, ECF No. 1, and accepts them as true for purposes of screening.

ECF No. 1 at 1, 16. Plaintiff names twenty-four defendants.[2] *Id.* at 2. Three of these defendants were employed at Pelican Bay: Warden Robinson, Associate Warden K. Bell, and Captain Wilcox. *Id.* One defendant was employed at CDCR Sacramento: Appeals Examiner Captain T. Lee. The remaining twenty defendants were employed at Corcoran: Warden Davey Daves, Captain Gallahger, Associate Warden J. Castro, Chief Deputy Warden L. Hense, Sgt. Gamboa, Sgt. Childress, Sgt. Perez, Correctional Officer Rocha, Correctional Officer Vang, Correctional Officer Kong, Correctional Officer Torres, Correctional Officer Brandon, Correctional Officer Gonzalves,[3] Correctional Officer Hernandez, Correctional Officer Podsakoff, Correctional Officer Wilson, Correctional Officer Curtis, Correctional Officer Gamboa,[4] Correctional Officer Flores, and Correctional Officer Shelby. *Id.*

After serving nineteen years of his prison sentence at Pelican Bay, plaintiff was transferred to Corcoran in 2015. *Id.* ¶ 1. In April 2016, plaintiff notified Corcoran officials that he "is a patient (card holder) listed on Uniform Heat Trigger (UHT)."[5] *Id.* ¶ 3. Corcoran custody and medical personnel "scoffed" at this information and responded, "This is Corcoran prison, not Pelican Bay Prison, we are well versed knowing what, when & how to activate and administer our UHT plan." *Id.* "Defendant Rocha went further to make it clear to Plaintiff that he was no longer incarcerated at Pelican Bay and therefore cannot dictate anything[.] [T]hus defendant Rocha made it clear he calls the shots and will do things his way." *Id.* ¶ 4.

"On or about June 2016[,] plaintiff filed a 602 complaint against defendant Rocha and said complaint was generically granted at the first level by defendant Sgt. Gamboa." *Id.*

---

[2] Plaintiff names twenty-four defendants at ECF No. 1 ¶ 2. Throughout his complaint, plaintiff refers to other individuals with the descriptor "defendant," *see*, *e.g.*, *id.* ¶ 13 ("Defendant Arroya"), but the court construes the complaint to be against only the twenty-four defendants named in ¶ 2.
[3] In his complaint, plaintiff also refers to a "Defendant Gonzales." *See, e.g.*, ECF No. 1 ¶ 14. The court infers that defendant Gonzales and defendant Gonzalves are the same person.
[4] The court assumes that Correctional Officer Gamboa is a different person than Sgt. Gamboa.
[5] Plaintiff neither explicitly defines "Uniform Heat Trigger" nor elaborates on his medical condition. The court infers that "Uniform Heat Trigger" is a California Department of Corrections and Rehabilitation protocol allowing certain accommodations to inmates whose health may be adversely affected by high air temperatures.

(capitalization altered). CDCR's response granting the appeal provided the following accommodations in accordance with "Operational Procedure O.P. 1011 Heat Plan":

> A) 5-gallon Igloo cool water is kept cool by adding ice periodically;
> B) cool shower;
> C) allowed to sit in dayroom (a cooler zone) until heat subsides;
> D) allowed access to night yard & or gym

*Id.* The court infers that plaintiff was entitled to the accommodations when the air temperature in his cell rose above 90- or 95-degrees Fahrenheit.

Plaintiff alleges that, "None of the above necessity [accommodations] were implemented by Defendant Rocha." *Id.* Therefore, "[o]n or about July 2016[,] Plaintiff was instructed to speak with Defendant Cpt. Gallahger regarding his subordinate personnel's refusing to implement correct UHT patient necessity [accommodations]." *Id.* ¶ 5. In response, Gallahger stated that none of his subordinates would "allow no [goddamn] Black Guerrilla Family (BGF) gang member [to] dictate to his officers when or how to implement UHT policy and then added Plaintiff was becoming a thorn in defendant Gallahger's butt, & wished Plaintiff [was] placed back at Pelican Bay Prison's Security Housing Unit (SHU)." *Id.*

The remainder of plaintiff's factual allegations describe various defendants' actions and failures to implement the accommodations outlined above. Plaintiff alleges that the constitutional violations occurred primarily between July 21, 2016 and August 7, 2016, ECF No. 1 ¶¶ 7-23, and between June 21, 2017 and August 24, 2017, *id.* ¶¶ 25-47. For most dates in these ranges, plaintiff describes the temperature in his cell, his symptoms, and the actions and inactions of individual correctional officers that failed to provide the accommodations to which plaintiff was entitled. The following allegation concerning defendants Brandon, Shelby, and Flores is representative of plaintiff's allegations against the other defendants:

> On August 3, 2017, UHT . . . patient necessity [accommodations] [were not activated]. Second-watch defendant Brandon stated inside temp. did not reach 90 degrees. Approx. 12:15 PM: Defendant Shelby ignored plaintiff's repeated heatstroke alerts, nausea, blackouts. Approx. 12:55 PM: Third-watch defendant Flores stated inside temp. never reached above 90 degrees. On this

4

> day, second- and third-watch defendants did not afford Plaintiff medically necessary equal access to UHT patient necessity [accommodations] as temp. exceeded 90 degrees and as Plaintiff was arbitrarily, capriciously forced inside an extremely hotter heat zone Top Tier cell 16, [with] no fan.

ECF No. 1 ¶ 38 (capitalization and punctuation altered).

## IV. DISCUSSION

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). As for the second method, the plaintiff can establish a causal connection by showing that the defendant "set[] in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others," which the defendant "knew or reasonably should have known would cause others to inflict a constitutional injury." *Id*.

All of the named defendants are state-prison employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))). We next consider whether plaintiff sufficiently alleged facts to satisfy the causation requirement.

Plaintiff has plausibly alleged that defendants Kong, Gonzalves, Torres, Vang, Rocha, Perez, Curtis, Correctional Officer Gamboa, Flores, Brandon, Hernandez, Podsakoff, Wilson, Gallahger, and Shelby personally participated in or caused the alleged deprivations. *See, e.g.*, ECF No. 1 ¶¶ 8, 14, 17, 18, 19, 25, 26, 28, 30, 32, 36, 42, 43.

5

Plaintiff does not plausibly allege that defendants Warden Davey Daves, Associate Warden J. Castro, Chief Deputy Warden L. Hense, Appeals Examiner Captain T. Lee, Sgt. Gamboa, Sgt. Childress, Warden Robinson, Associate Warden K. Bell, or Captain Wilcox personally participated in or caused the alleged deprivations; instead, plaintiff seems to rely on a theory of vicarious liability. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[V]icarious liability is inapplicable to *Bivens* and § 1983 suits[;] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Beyond naming these defendants in the complaint, ECF No. 1 ¶ 2, plaintiff makes factual allegations against only defendants Gamboa and Lee. Plaintiff alleges that Sgt. Gamboa granted one of plaintiff's 602 appeals, *id.* ¶ 52, and that Appeals Examiner Captain Lee improperly failed to grant one of plaintiff's 602 appeals, *id.* ¶ 54. Neither of these allegations satisfies the causation requirement of § 1983 because the alleged actions of these defendants were not "the moving force of the behind the constitutional violation." *Navarro v. Herndon*, No. 209CV1878KJMKJNP, 2016 WL 8731088, at *13 (E.D. Cal. Mar. 25, 2016) ("Ratification of an unconstitutional act by superiors after the fact will only support liability when the superiors' past actions were the moving force behind the constitutional violation in the first place." (citing *Williams v. Ellington*, 936 F.2d 881, 884-85 (9th Cir. 1991)). Accordingly, plaintiff fails to allege causation for these defendants as required to bring a claim under § 1983.

The remaining question is whether defendants Kong, Gonzalves, Torres, Vang, Rocha, Perez, Curtis, Correctional Officer Gamboa, Flores, Brandon, Hernandez, Podsakoff, Wilson, Gallahger, and Shelby's alleged actions violated federal law. Plaintiff seeks to bring a variety of claims, including for cruel and unusual punishment, due process violations, retaliation, equal protection violations, and access to the courts. ECF No. 1 at 15-17. Plaintiff's allegations do not support all the claims he seeks to bring. However, the alleged facts do implicate cruel and unusual punishment and retaliation claims. We will analyze each in turn.

**a. Cruel and Unusual Punishment: Conditions of Confinement**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v.*

*McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

A claim challenging conditions of confinement under the Eighth Amendment has two elements. *See Farmer,* 511 U.S. at 834. "First, the deprivation must be, objectively, sufficiently serious." *Id.* (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions-of-confinement claims, "is one of deliberate indifference." *Id.* (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to support an Eighth Amendment claim. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official cannot establish liability; the official's conduct must have been wanton. *See Farmer*, 511 U.S. at 835; *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, accepting plaintiff's allegations as true, the court finds that he has stated conditions-of-confinement claims against defendants Kong, Gonzalves, Torres, Vang, Rocha, Perez, Curtis, Correctional Officer Gamboa, Flores, Brandon, Hernandez, Podsakoff, Wilson, Gallahger, and Shelby. Plaintiff alleges that each defendant knew about plaintiff's sensitivities to heat but failed to provide him the full accommodations to which he was entitled and which would have ensured his safety and comfort during periods when air temperatures in the prison reached unsafely high levels. *See, e.g.*, ECF No. 1 ¶¶ 8, 14, 17, 18, 19, 25, 26, 28, 30, 32, 36, 42, 43.

**b. Retaliation**

The First Amendment guarantees prisoners the right to file prison grievances and to pursue civil rights litigation in the courts. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir.

7

2005). Prisoners may not be retaliated against for exercising their right of access to the courts, *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995), and this protection extends to established prison grievance procedures, *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *abrogated on other grounds by Shaw v. Murphy*, 532 U.S. 223 (2001). Without these constitutional guarantees, "inmates would be left with no viable mechanism to remedy prison injustices." *Rhodes*, 408 F.3d at 567. Because "purely retaliatory actions taken against a prisoner for having exercised [his or her rights to file prison grievances and to pursue civil rights litigation] necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.*; *see also Pratt v. Rowland*, 65 F.3d 802, 806 & n.4 (9th Cir. 1995).

Retaliation by a state actor for a prisoner's exercise of a constitutional right is actionable under 42 U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). Retaliation, though it is not expressly addressed in the Constitution, is actionable because retaliatory actions may chill individuals' exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972). In the prison context, a "viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68 (footnote omitted). Accordingly, a prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. *See Pratt*, 65 F.3d at 806.

While, to establish a retaliation claim, the prisoner must allege that a defendant's actions caused him some injury, *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000), the prisoner need not demonstrate a total chilling of his First Amendment rights. *See Rhodes*, 408 F.3d at 568-69 (rejecting argument that inmate did not state a claim for relief because he had been able to file

inmate grievances and a lawsuit). It is enough that a prisoner's First Amendment rights were chilled. *Id.* at 569 (holding that destruction of an inmate's property and assaults on the inmate were enough to chill the inmate's First Amendment rights and state a retaliation claim, even if the inmate filed grievances and a lawsuit).

Here, plaintiff's complaint, liberally construed, has stated a retaliation claim against defendant Gallahger. Plaintiff alleges:

> The gross inactions of Defendants (spearheaded by Captain Gallahger) almost immediately after Plaintiff's 602 complaint was GRANTED (Rubberstamped) by Defendant Cpt. Gallahger's subordinate Defendant Sgt. Gamboa, defendant Rocha and his colleagues began demonstrating to Plaintiff the "Trouble Maker" aint got nothing coming, thus initiating Defendant's breach of duty to protect Plaintiff from suffering heatstroke (blackouts, nausea) and related illnesses, as such wanton inactions represent a pattern of callous events demonstrating retaliation against Plaintiff by all Defendants and particularly Defendant Cpt. Gallahger.

ECF No. 1 ¶ 52. In essence, plaintiff alleges that defendant Gallahger orchestrated a campaign to deprive him of his heat-sensitivity accommodations in retaliation for being a "trouble maker" who files administrative grievances. Plaintiff's allegations suggest that the other defendants may have had a similar motivation, but he has not stated this explicitly, so the court concludes he has stated a retaliation claim against defendant Gallahger alone.

### V. CONCLUSION

The court has screened plaintiff's complaint and finds that plaintiff has stated a retaliation claim against Gallahger and conditions-of-confinement claims against Kong, Gonzalves, Torres, Vang, Rocha, Perez, Curtis, Correctional Officer Gamboa, Flores, Brandon, Hernandez, Podsakoff, Wilson, Gallahger, and Shelby. The court will recommend that plaintiff's remaining claims be dismissed without prejudice and that plaintiff be granted leave to amend the complaint.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*,

9

297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

### VI. ORDER

The clerk of court is directed to assign this case to a district judge, who will preside over this case. The undersigned will remain as the magistrate judge assigned to the case.

### VII. RECOMMENDATIONS

Under 28 U.S.C. § 636(c)(1), all parties named in a civil action must consent to a magistrate judge's jurisdiction before that jurisdiction vests for "dispositive decisions." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). No defendant has appeared or consented to a magistrate judge's jurisdiction, so any dismissal of a claim requires an order from a district judge.

*Id.* Thus, the undersigned submits the following findings and recommendations to a United States District Judge under 28 U.S.C. § 636(b)(l):

1. Plaintiff states a retaliation claim against defendant Gallahger.
2. Plaintiff states conditions-of-confinement claims against defendants Kong, Gonzalves, Torres, Vang, Rocha, Perez, Curtis, Correctional Officer Gamboa, Flores, Brandon, Hernandez, Podsakoff, Wilson, Gallahger, and Shelby.
3. Plaintiff's remaining claims and all other defendants should be dismissed without prejudice, and plaintiff should be granted leave to amend the complaint.
4. If plaintiff files an amended complaint, defendants Kong, Gonzalves, Torres, Vang, Rocha, Perez, Curtis, Correctional Officer Gamboa, Flores, Brandon, Hernandez, Podsakoff, Wilson, Gallahger, and Shelby should not be required to respond until the court screens the amended complaint.

Within fourteen days of service of these findings and recommendations, the parties may file written objections with the court. If the parties file such objections, they should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: March 29, 2019

UNITED STATES MAGISTRATE JUDGE

No. 203.