UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN CANNON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GALLAGHER, *et al.*,<br><br>　　　　Defendants. | Case No. 1:18-cv-00666-NONE-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE DENIED IN PART AND GRANTED IN PART<br><br>ECF No. 21<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE<br><br>ECF No. 21-2<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>ECF No. 40<br><br>ORDER DENYING MOTIONS FOR EXTENSION AS MOOT<br><br>ECF Nos. 31, 32, and 35<br><br>ORDER THAT THE CLERK UPDATE SPELLING OF DEFENDANTS' NAMES |

Plaintiff Kelvin Cannon is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's central allegation is that defendants violated his Eighth Amendment rights by allowing overly hot conditions of confinement, despite knowing of his medically heightened sensitivity to heat. *See generally* ECF No. 1. On March 29, 2019,

we screened plaintiff's complaint and found it to state an Eighth Amendment claim against fifteen defendants. ECF No. 9. On May 1, 2019, the district judge adopted our finding, ruling that "plaintiff has stated . . . conditions-of-confinement claims against defendants Kong, [Gonsalves], Torres, Vang, Rocha, Perez, Curtis, Correctional Officer Gamboa, Flores, Brandon, Hernandez, Podsakoff, Wilson, [Gallagher], and Shelby." ECF No. 14 at 1.[1]

On September 5, 2019, defendants Vang, Torres, Flores, Gonsalves, and Wilson moved to dismiss plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 21. Defendants also moved to dismiss plaintiff's claims for injunctive relief on the grounds that plaintiff is no longer incarcerated at the prison where the alleged constitutional deprivations occurred. *Id*. at 1. Plaintiff answered the motion, *see* ECF Nos. 34 and 39, and defendants replied, *see* ECF No. 36. For the reasons described below, the court recommends that defendants Vang, Torres, Flores, Gonsalves, and Wilson's motion to dismiss the individual claims against them be denied, and that the motion to dismiss the claims for injunctive relief be granted. We also resolve miscellaneous pending motions.

**MOTION TO DISMISS**

A motion to dismiss brought under Rule 12(b)(6) tests the legal sufficiency of a claim, and granting the motion is proper if there is no cognizable legal theory of liability or if insufficient facts are alleged to support a cognizable theory. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). A court's review is generally limited to the operative pleading. *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). A pleading is sufficient under Rule 8(a)(2) if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief" that gives "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Additionally, a court must construe a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and

---

[1] Plaintiff's complaint appears to have spelled two of defendants' names incorrectly. *See* ECF No. 21 at 1, 2. For this reason, we ask the clerk of court to update the spelling of two defendants' names so that they appear as "Gallagher" and "Gonsalves" on the docket.

2

1  may only dismiss such a complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

### 1. Claims Against Defendants Vang, Torres, Flores, Gonsalves, and Wilson

The individual defendants make two arguments for why plaintiff's complaint fails to state a claim against them. First, defendants argue that "under Corcoran's prison policy regarding inmates taking heat-risk medications, Plaintiff was afforded all of the accommodations to which he was entitled." ECF No. 21-1 at 8. (Defendants attach a copy of the relevant prison heat plans to their motion and ask us to take judicial notice of them, which we will do. *See* ECF No. 21-2.[2]) Second, defendants argue that plaintiff's allegations are too ambiguous to state a claim. *See id*. at 10-13.[3]

We recommend rejecting the first argument because it confuses the relevant standard: the issue is plaintiff's entitlement under the Constitution's Eighth Amendment, not his rights under prison policy. When we screen complaints brought under § 1983 or consider motions to dismiss in the same context, the we ask whether the plaintiff has plausibly alleged that "there was a deprivation of any rights, privileges, or immunities secured *by the Constitution and laws*" of the *United States*. 42 U.S.C. § 1983 (emphasis added). The possibility that defendants complied with a prison rule or that plaintiff misunderstood one might matter at a later stage of litigation. But it does not bear on whether plaintiff has, at this early stage of the case, alleged a plausible constitutional violation—especially because it is well accepted both that prison policies can violate the Constitution and that temperature-related allegations can support a constitutional claim. *See, e.g.*, *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) ("Some conditions of confinement may establish an Eighth Amendment violation . . . when they have a mutually enforcing effect

---

[2] On a motion to dismiss, a court "may take judicial notice of matters of public record outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

[3] Defendants also argue that "[p]laintiff's vague and conclusory allegations regarding unidentified 'Second and Third Watch Defendants' fail to link any specific defendant to the conduct alleged, and thus fail to state a claim against any defendant." ECF No. 21-1 at 10. As there are no Doe defendants in this action, the court is not sure what relief defendants seek in making this argument.

3

that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets."); *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) ("The Eighth Amendment guarantees adequate heating.").

Defendants' second argument—that plaintiff's allegations are simply too vague to state a claim—invites us to reopen issues that we settled at screening.[4] We decline the invitation. At screening, we found that plaintiff "alleges that each defendant knew about plaintiff's sensitivities to heat but failed to provide him the full accommodations to which he was entitled and which would have ensured his safety and comfort during periods when air temperatures in the prison reached unsafely high levels." ECF No. 9 at 7. On *de novo* review, the assigned district judge adopted this finding in full. *See* ECF No. 14 at 2. Plaintiff's complaint might lack the detail and sophistication that we would expect from a document drafted by counsel. But, given our obligation to construe pro se complaints liberally, we see no reason to abandon our prior finding that the complaint sufficiently alleges that defendants "knew about plaintiff's sensitivities to heat but failed to provide him the full accommodations . . . which would have ensured his safety." ECF No. 9 at 7.[5]

**2. Claims for Injunctive Relief**

Finally, defendants argue that plaintiff's demand for injunctive relief should be dismissed because he is no longer housed at the prison where the alleged constitutional violations occurred. We agree. When a prisoner challenges his conditions of confinement and seeks injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some evidence that he expects to be transferred back. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); *see also Andrews v. Cervantes*, 493 F.3d.1047, 1053 n.5 (9th Cir. 2007). It is appropriate for the court to resolve this issue on a motion to dismiss. *See, e.g.*, *Dearwester v.*

---

[4] At screening, we are required to "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A motion brought under Rule 12(b)(6) likewise asks us to consider whether there is a "failure to state a claim upon which relief can be granted."

[5] The court also notes that the district judge's order "granted leave to amend the complaint." ECF No. 14 at 2. Plaintiff may wish to amend and further refine certain factual allegations.

4

*Sacramento Cty. Sheriff's Dep't,* No. 2:13-CV-2064-MCE-DAD, 2015 WL 3705822, at *3 (E.D. Cal. June 12, 2015). Plaintiff is now housed in Pelican Bay State Prison, but the alleged constitutional deprivations occurred at Corcoran. The court can find no indication either in plaintiff's complaint or in his response to the instant motion that he expects a transfer back to Corcoran. *See* ECF No. 39 at 6 (discussing injunctive relief in plaintiff's response). We therefore recommend that the court dismiss the claims for injunctive relief.

**OTHER MOTIONS**

Plaintiff has also filed a motion for counsel, arguing that he is unable to afford counsel, suffers from a variety of disorders, and has limited access to the law library. ECF No. 40. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an attorney to represent plaintiff, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). This court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, we will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

We cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. At this stage in the proceedings, plaintiff has not demonstrated a likelihood of success on the merits. And, while plaintiff's allegations raise issues of some complexity, we are not at a point where plaintiff is unable to articulate his claims. However, the court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel. Accordingly, plaintiff's motion for the appointment of counsel, ECF No. 40, is denied without prejudice.

Finally, several pending motions for an extension remain on the docket. ECF Nos. 31, 32,

5

and 35.  These motions are denied as moot.

**ORDER**

The court orders that:

1. Defendant's request for judicial notice, ECF 21-2, is granted.

2. Plaintiff's motion for the appointment of counsel, ECF No. 40, is denied.

3. The motions for an extension, ECF Nos. 31, 32, and 35, are denied as moot.

4. The clerk of court is ordered to change the spellings of "Gonzalves" and "Gallahger" on the docket so that they appear "Gonsalves" and "Gallagher."

**FINDINGS AND RECOMMENDATIONS**

We recommend that:

1. Defendants' motion to dismiss, ECF No. 21, should be denied with respect to individual defendants Vang, Torres, Flores, Gonsalves, and Wilson.

2. Defendants' motion to dismiss, ECF No. 21, should be granted respect to plaintiff's claims for injunctive relief.

We submit the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   February 28, 2020                        _____
                                                   UNITED STATES MAGISTRATE JUDGE

No. 205.

7