1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KELVIN CANNON,                          No.  1:18-cv-00666-NONE-HBK (PC)

12              Plaintiff,

13        v.                                 **ORDER DENYING PLAINTIFF'S
                                             MOTION TO COMPEL**
14   FNU GALLAHGER, FNU GAMBOA,
     FNU PEREZ, FNU ROCHA, FNU VANG,         **(Doc. No. 59)**
15   FNU KONG, FNU GONSALVES, FNU
     TORRES, FNU CURTIS, FNU FLORES,         **ORDER GRANTING DEFENDANTS'
16   FNU BRANDON, FNU HERNANDEZ,             THIRD MOTION TO MODIFY
     FNU PADSAKOFF, FNU WILSON, and          SCHEDULING ORDER**
17   FNU SHELBY,
                                             **(Doc. No. 63)**
18              Defendants.
                                             **Amended discovery deadline:   2/21/21
19                                           (limited to take Plaintiff's deposition only)**

20                                           **Amended dispositive deadline:  4/29/21**

21

22

23        Pending before the Court are Plaintiff's Motion to Compel filed October 23, 2020 (Doc.

24   No. 59) and Defendants' Third Motion to Modify Scheduling Order and incorporated

25   Memorandum of Points and Authorities filed December 18, 2020 (Doc. No. 63).

26        **Motion to Compel**

27        To the extent discernable, Plaintiff seeks to compel Defendants to respond to "certain

28   interrogatories" and to produce the Corcoran State Prison's 2017 Heat Treatment Plan, which he

                                             1

claims Defendants have objected to as "vague" and have not produced in a timely fashion.  *See generally* Doc. No. 59.  Plaintiff also generally claims that, although Defendants did respond to his interrogatories, they did not respond in a timely fashion nor produce the documents he sought.  *Id*.  Defendants filed an opposition to the motion.  Doc. No. 60.  Defendants point out they sought and were granted extensions to respond to Plaintiff's interrogatories and submit they fully responded to Plaintiff's discovery.  *Id*., p. 2.

Several rules govern discovery and motions to compel.  Federal Rule of Civil Procedure Rule 26(b) provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  *Id.*  Requests for production, however, must "describe with reasonable particularity each item or category of items to be inspected."  Fed. R. Civ. P. 34(b)(1)(A). Further, Fed. R. Civ. P. 37(a)(1) provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*Id.*  And, in pertinent part, Local Rule 251 (E.D. Ca.) requires a party to confer and attempt to resolve their differences and thereafter file a Joint Statement concerning their differences and reasons for the disagreement.  In filing a motion to compel, the moving party is required to specify with particularity which discovery request is objectionable, why the information sought is discoverable, and why the responding party's responses or objections are not meritorious.  *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011); *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008)  Plaintiff has not sufficiently identified which interrogatories are at issue, what further information he requires, or why the responses provided are not adequate.  Thus, the Court cannot discern which, if any, of the interrogatories Defendants have failed to answer or which interrogatory

1    answers Plaintiff deems insufficient.

2          The Court further finds Plaintiff's motion to compel production of the Uniform Heat

3    Treatment Plan is moot.  Plaintiff sought production of the "Uniform Heat Trigger Operational

4    Procedure D.P. 1010, Heat Plan for 20-17."  *See* Doc. No. 59 at 12.  Defendants raised various

5    objections, but, nonetheless, produced the October 2015 version of Corcoran State Prison's Heat

6    Plan, in effect in 2016, and the October 2016 version of Corcoran State Prison's Heat Plan, in effect

7    in 2017.  Doc. No. 60, p. 4.  Plaintiff does not dispute that Defendants produced these Heat Plans

8    or why they are not the relevant plan.

9          Finally, to the extent Plaintiff's motion to compel is based on Defendants' alleged failure

10   to *timely* respond to his interrogatories or document requests, the court finds the motion factually

11   baseless.  Due to the previous orders granting Defendants' enlargements of time, Defendants

12   responses cannot be deemed untimely.  *See* Doc. Nos. 50, 54.

13          **Third Motion to Modify Scheduling Order**

14          A review of the docket reveals that the court previously granted Defendants' motion for an

15   enlargement of time to respond to Plaintiff's Second Set of Discovery Requests on December 18,

16   2020.  *See* Doc. No. 64.  That same day, Defendants filed the instant Motion seeking an enlargement

17   of time to February 21, 2021 (instead of the current December 21, 2020 deadline) for discovery and

18   April 29, 2021 for the filing of dispositive motions (instead of the current February 28, 2021

19   dispositive deadline).  *See* Doc. No. 63.  Defendants note the operative December 21, 2020

20   discovery deadline does not permit enough time for them to timely complete Plaintiff's deposition

21   by videoconference due to his incarcerated status, coupled with Covid-19 restrictions at the

22   institution.  Doc. No. 63 at 1-3.  Defendants seeks an extension to the discovery deadline for the

23   limited purpose of taking Plaintiff's deposition.  *Id.*, p. 7.

24          Fed. R. Civ. P. 6(b) provides for extending deadlines for good cause shown, if the request

25   to extend time is made before the original time, or its extension expires; or, if the party failed to act

26   because of excusable neglect if the motion is made after the time has expired,.  Additionally, Fed.

27   R. Civ. P. 16(b)(4) permits a court to modify a scheduling order for good cause shown and with the

28   judge's consent.  Here, Defendants filed their motion before the prior extension of time expired and

3

have established good cause to extend both deadlines.

**ACCORDINGLY:**

1.  Plaintiff's Motion to Compel (Doc. No. 59) is **DENIED.**

2.  Defendants' Third Motion to Modify the Scheduling Order (Doc. No. 62) is **GRANTED**.

3.  The Discovery and Scheduling Order (Doc. No. 37) is further amended to reflect that: (a)  the deadline for discovery is extended for the limited purpose of taking Plaintiff's deposition to February 21, 2021; and  (b) the deadline for  dispositive motions is extended to April 29, 2021.

IT IS SO ORDERED.

Dated:    January 8, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4