UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN CANNON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FNU GALLAGHER, ET AL.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-666-NONE-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND TO MODIFY THE SCHEDULING ORDER<br><br>(Doc. No. 69) |

Pending before the Court is Plaintiff's motion to compel production of his deposition transcript and to modify the scheduling order (Doc. No. 69, "Motion"), filed May 14, 2021. (Doc. No. 69). Defendants filed a response opposing Plaintiff's Motion. (Doc. No. 78, "Response"). Upon review, the Court denies Plaintiff's Motion in its entirety.

## I. BACKGROUND

As background, Plaintiff Kelvin Cannon initiated this action as a prisoner by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on May 16, 2018. (Doc. No. 1). The former magistrate judge issued a Findings and Recommendation to the district court on March 29, 2019.[1] (Doc. No. 9). The district court adopted the Findings and Recommendation in full, finding that

---
[1] While the F&R was pending review, Plaintiff filed a First Amended Complaint. The former magistrate judge issued a second screening order directing that Plaintiff either withdraw his First Amended Complaint and proceed on his initial complaint or file a Second Amended Complaint. (Doc. No. 11). Plaintiff withdrew his First Amended Complaint. (*See* docket).

the Complaint alleges a retaliation claim against Defendant Gallagher and conditions of confinement claims against Defendants Kong, Gonzalves, Torres, Vang, Rocha, Curtis, Correctional Officer Gamboa, Flores, Brandon, Hernandez, Podsakoff, Wilson, Gallagher, and Shelby. (Doc. No. 14 at 2). On May 21, 2021, the Court entered an order granting *nunc pro tunc* Defendants' motion to modify the scheduling order to the extent the dispositive motions deadline was extended and Defendants motion for summary judgment was accepted as timely filed. (Doc. No. 74.) Defendants' motion for summary judgment attached declarations and portions of Plaintiff's deposition transcript. (Doc. No. 70; Doc. No. 70-10 at 25-41 (citing portions of Plaintiff's deposition transcript). Defendants filed a notice of lodging the deposition transcript, providing the Court with a hard copy of Plaintiff's entire transcript, consisting of approximately 28 pages in its entirety. (Doc. No. 72). Plaintiff filed an opposition to Defendants' motion for summary judgment on June 24, 2021, attaching supporting exhibits including his declaration. (Doc. No. 77).

## II. DISCUSSION

In the instant Motion, Plaintiff seeks to compel Defendants to provide him with a copy of his deposition transcript, stating the transcript is "crucial" to demonstrate a dispute of material fact. (Doc. No. 69 at 2). Plaintiff's Motion also seeks to extend the discovery deadlines until July 29, 2021, noting that he only requested one other discovery extension. (*Id.* at 1). The basis for the discovery extension is so Plaintiff can receive a copy of the deposition transcript. (*Id.* at 6).

Defendants oppose Plaintiff's Motion, arguing that a motion to compel is not the proper vehicle to request a copy of the transcript, nor does Plaintiff explain how he previously requested a copy of the transcript. (Doc. No. 78 at 3). Defendants further note that proceeding *in forma pauperis* does not entitle litigants to free, unlimited copies of deposition transcripts. (*Id.*). Defendants submit that ordinarily a litigant must obtain copies of a deposition transcript from a court reporter. (*Id.* at 4). Turning to the motion to modify the scheduling order, Defendants oppose the enlargement of time stating Plaintiff had ample time, nearly six months, to obtain a copy of his deposition transcript from the court reporter.(*Id.* at 5). To the extent the Motion can

be construed as requesting other discovery, Defendants ague that Plaintiff has propounded fifty sets of discovery requests upon Defendants. (*Id.* at 4).

The Court does not interpret Plaintiff's Motion as seeking an enlargement of time to conduct more discovery or to compel answers to insufficient responses. Plaintiff does not attach his propounded discovery or Defendants' responses thereto, or otherwise describe the content of such matters in his Motion. Instead, the Court understands Plaintiff's Motion as seeking to compel Defendants to provide him with a free copy of his entire deposition transcript and enlarge the case managing and scheduling order so he may obtain the copy.

*In forma pauperis* status does not authorize the courts to expend funds on copies, even for an indigent litigant. *See Tedder v. Odel*, 890 F.2d 210, 212 (9th Cir. 1989)(finding plain language of § 1915 did not waive payment of fees or expenses for witnesses); *see also Boston v. Garcia*, Case No. 2:10-cv-1782-KJM-DAD PC, 2013 WL 1165062 *2 (March 20, 2013)(denying inmate plaintiff's motion for free copy of deposition transcript at the discovery stage of the proceedings); *Joseph v. Parciasepe*, Case No. 2:14-cv-414 GEB AC P, 2016 WL 2743448 *4 (E.D. Ca. May 11, 2016)(denying motion to compel production of deposition transcript for free at the discovery stage of the proceedings).

Local Rule 133(j) (E.D. Ca. 2019) provides:

> Depositions. Depositions shall not be filed through CM/ECF. Before or upon the filing of a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the email box of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties. Neither hard copy nor electronic copy of the entire deposition will become part of the official record of the action absent order of the Court. Pertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise. *See* L.R. 250.1(a).

*Id.* Previously the Court has interpreted Local Rule 133(j) not to require parties to provide a free copy of the entire deposition transcript to other parties when the entire deposition was submitted to the court in hard copy. *See Jessen v. County of Fresno*, Case No. 1:17-cv-00524-DAD-EPG

3

(E.D. Ca. Jan. 7, 2019), 2019 WL 132271 (E.D. Ca. Jan. 7, 2019)(finding plaintiff's argument that defendants should have provided a courtesy copy of the entire deposition transcript meritless based on misunderstanding of the local rules)(citing *Woodson v. Sahota*, Case No. 2:11-cv-1589-MCE-KJN P, 2016 WL 758722 *3 (E.D. Ca. Feb. 26, 2016); *see also Boyd v. Etchebehere*, Case No. 1:13-01966-LJO-SAB (PC), 2017 WL 1632887 *1 (E.D. Ca. May 1, 2017).

Like *Jessen*, Defendants have attached the pertinent portions of Plaintiff's deposition transcript to their motion for summary judgment. (Doc. No. 70-10). Plaintiff was served a copy of the Defendants' motion for summary judgment and exhibits attached thereto. (*See* docket). Plaintiff opines that having the entire transcript is "crucial" for him to oppose Defendants' motion for summary judgment. (Doc. No. 69 at 3). But Plaintiff filed his Motion before Defendants filed their summary judgment motion. Aside from this conclusory allegation, Plaintiff does not elaborate on why the entire transcript is necessary. (*See generally Id.*). Thus, to the extent he seeks to compel a free copy of the entire deposition transcript and to modify the case management and scheduling order to obtain such copies is denied, the Motion is denied.[2]

As previously noted, Plaintiff filed a response opposing the summary judgment on June 24, 2021, attaching supporting exhibits, including his declaration. (Doc. No. 77). Accordingly, Defendants' motion for summary judgment will be deemed ripe for review when the time to file a reply expires.

Accordingly, it is **ORDERED**:

Plaintiff's motion to compel and to modify the court's case management and scheduling order (Doc. No. 69) is denied.

Dated: July 8, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court would be remiss not to note that Plaintiff's deposition transcript lodged with the Court in hardcopy constituted a mere 28 pages in total. (Doc. No. 72). Providing a copy to Plaintiff in these circumstances would have been prudent in terms of efficiency for both the litigants and the Court.

4