# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN CANNON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FNU GALLAGHER; FNU GAMBOA; FNU PEREZ; FNU ROCHA; FNU VANG; FNU KONG; FNU GONSALVES; FNU TORRES; FNU BRANDON; FNU HERNANDEZ; FNU PODSAKOFF; FNU WILSON; FNU SHELBY,<br><br>　　　　Defendant. | Case No.  1:18-cv-00666-JLT-HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT<br><br>ORDER DISMISSING DEFENDANTS HERNANDEZ, WILLIAMS, AND FLORES<br><br>(Docs. 70, 95) |

Kelvin Cannon alleged that correctional officials at California State Prison-Corcoran failed to adhere to the prison's Heat Plan, resulting in Plaintiff being exposed to excessive heat without any accommodations. (*See generally* Doc. 1) Plaintiff also alleged a retaliation claim against Gallagher.  The matter was referred to the assigned magistrate judge under 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302.

The magistrate judge issued findings and recommendations to grant Defendants' motion for summary judgment as to Plaintiff's heat related Eighth Amendment conditions of confinement claims and Plaintiff's First Amendment retaliation claims. (*See generally* Doc. 95 at 1-24 (conditions of confinement); *id.* at 24-28 (retaliation claim).)  Plaintiff objected.  (Doc. 96.) According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.

Having carefully reviewed the entire file, the Court adopts the findings and recommendations in full.

First, Plaintiff objects that the magistrate judge ignored the fact that he is an inmate patient taking medications that make him particularly susceptible to the heat. (*Id.* at 1.) More generally, but relatedly, Plaintiff asserts that the magistrate judge failed to consider the totality of the relevant circumstances in evaluating his Eighth Amendment claim. (*Id*. at 1-4, 5.) Contrary to Plaintiff's assertions, the magistrate judge found that there was no dispute that Plaintiff took medications that made him susceptible to heat and considered that fact, among many others, as part of the totality of the circumstances. (*See* Doc. 95 at 10 (noting Plaintiff took medications making him susceptible to heat); *id.* at 19 (noting whether the situation of which a prisoner complains is sufficiently serious and extreme will depend upon the circumstances of the particular case, the nature of the condition, and the duration of condition and/or deprivation); *id.* at 19-21 (considering totality of circumstances).)

Plaintiff also criticizes the findings and recommendations where it notes that Plaintiff did not purchase a fan while housed in general population. (*Id*. at 2.) Plaintiff suggests this fact is irrelevant, as it could not absolve defendants from failing to permit him to sit in the cooler dayroom. (*See id*.) Although the findings and recommendations do mention that Plaintiff "admits he was permitted a fan . . . but did not buy one," (Doc. 95 at 20), the Court does not interpret the analysis in the findings and recommendations as turning on Plaintiff's *choice not to purchase a fan*. Rather, the findings and recommendations focus on the fact that Plaintiff *did not possess* a fan. (Doc. 95 a 20 (reasoning that "80-degree temperatures indoors without access to a fan or cool water misting may be uncomfortable" yet concluding that those conditions are not "extreme and/or inhumane" in violation of the Eighth Amendment).) The magistrate judge acknowledged that high temperatures accompanied by inadequate cooling or other heat-related accommodations can constitute an objectively serious condition of confinement but found that the record did not support such a finding in this case, because (a) Plaintiff acknowledged he had no way to measure the temperatures and (b) the detailed logs from Defendants revealed indoor temperatures in the areas where Plaintiff was housed never exceeded 90 degrees Fahrenheit in

either 2016 and 2017, staying primarily in the 70's in 2016 with the hottest temperature recorded at 83 degrees. Similarly, in 2017, the logs reflected warmer temperatures but never reached higher than 86 degrees on August 4, 2017. (*Id.* at 19–20.)

Critically, the magistrate judge also discussed that, under the "subjective" prong of the deliberate indifference standard, a correctional official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." (*Id*. at 19 (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (9th Cir. 1994).) The court finds that a grant of summary judgment on the deliberate indifference claim can be justified on this ground alone. Although Plaintiff attests to his own self-reported symptoms—symptoms that he describes as serious and that he associated with excessive heat—there is no evidence that Plaintiff ever manifested physical symptoms in front of any other person such that any Defendant would have been aware that Plaintiff was at a substantial risk of serious harm.

Although Plaintiff also objects to the findings and recommendations' conclusions regarding the retaliation claim, he does not discuss that claim in any detail in his objections. (*Id*.) The Court agrees with the findings and recommendations that there is no evidence in the record suggesting that Defendant Gallaher took any retaliatory action against Plaintiff. Therefore, summary judgment in favor of Defendant Gallaher on that claim is warranted. Thus, the Court **ORDERS**:

1. The findings and recommendations (Doc. 95) are **ADOPTED IN FULL**.
2. Defendants' motion for summary judgment (Doc. 70) is **GRANTED**.
3. Defendants Hernandez, Williams, and Flores are **DISMISSED WITH PREJUDICE** pursuant to Plaintiff's stipulation (Doc. 77 at 2).
4. The Clerk of Court shall terminate any pending motions, close this case, and enter judgment against Plaintiff.

IT IS SO ORDERED.

Dated:   **May 3, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

3